UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                              21-CR-6041(EAW)

        -v-

THOMAS NARY,

            Defendant.

_____

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on June 23, 2021, the defendant, THOMAS NARY, pled guilty to a one-count Information, ECF No. 77, that charged him with transportation of stolen goods in interstate commerce, in violation of Title 18, United States Code, Section 2314, and,

WHEREAS, from the defendant's conviction on Count 1, and from his admission in the written plea agreement that certain property is subject to forfeiture, the government has established the requisite nexus between the property and the offense committed by the defendant and therefore the following property is subject to forfeiture:

**CURRENCY:**

$9,609.04 Seized from Account "AZ Wholesale USA" held by Amazon.com, Inc.

**MONETARY JUDGMENT:**

i.   The sum of United States currency that equals 50% of the total loss amount that will be ordered by the Court.   This sum it is to be evidenced by a judgment issued by this Court against the defendant at the time of sentencing. The defendant agrees pursuant to Federal Rule of Criminal Procedure 32.2 (C) that because the amount of the money judgment cannot be calculated prior to sentencing, a General Preliminary and Final Forfeiture Order will be entered that describes the money judgment in general terms; and states that the order will be amended under Federal Rule of Criminal Procedure 32.2(e)(1) when the amount of the money judgment has been calculated at the time of sentencing.   The defendant agrees that after

sentencing, the government will submit an Amended Order to Court for 50% of the total loss amount determined by the Court at sentencing pursuant Federal Rule of Criminal Procedure 32.2(e)(1)(A) and the defendant will consent to the Amended Order and the amount of the money judgment.

NOW THEREFORE, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and the incorporated procedures of Title 21, United States Code, Section 853, it is hereby;

ORDERED, ADJUDGED, and DECREED that pursuant to Title 21, United States Code, Section 853(c) and (e) through (p), the above listed property and/or any interest therein is hereby condemned and forfeited to the United States of America and shall be disposed of according to law; and it is further

ORDERED, ADJUDGED, and DECREED that this Order shall serve as a judgment in favor of the United States of America regarding any and all of the Defendant's right, title, and interest in the above described property.  The property is hereby condemned and forfeited to the United States of America and shall be disposed of according to law, and the United States of America shall seize the aforementioned property, and shall protect the interests of the Government in the property ordered forfeited by providing a copy of this Order to any person or entity which has possession of, or jurisdiction over the forfeited interests, and by taking all steps necessary and appropriate to protect the interests of the United States of America, including the taking of actual possession of the property; and it is further

ORDERED, ADJUDGED and DECREED that pursuant to Title 21, United States Code, Section 853(h), following the seizure of the property ordered forfeited, the Attorney General shall direct the disposition of the property, making due provision for the rights of any innocent persons; and it is further

ORDERED, ADJUDGED, and DECREED that pursuant to Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General may direct, and provide notice that any person, other than the defendant, having or claiming a legal interest in the above forfeited property must file a petition with the court within thirty (30) days of the final publication of notice, or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for request of a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties, and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in any of the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified, and it is further,

ORDERED, ADJUDGED, AND DECREED, that in the event that a Final Order of Forfeiture is issued concerning the subject property, the United States Marshals Service shall dispose of the forfeited property according to law.   The United States Marshals Service shall be reimbursed for all costs incurred arising from the seizure and custody of said property.   All remaining funds shall be deposited with the United States Department of Justice Asset Forfeiture Fund; and it is further,

ORDERED, ADJUDGED, AND DECREED, that upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Dated:    Rochester, New York, July 19, 2021.

HON. ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT